IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESHANDA CRUSSELL, as                                                                    PLAINTIFF
Next Friend and Custodial
Parent of J.C., a Minor

VS.                                    CASE NO. 06-CV-4042

ELECTROLUX HOME
PRODUCTS, INC. a Foreign Corporation                                                     DEFENDANT

## ORDER

Before the Court is Plaintiff Deshanda Crussell's Motion to Nonsuit/Voluntarily Dismiss. (Doc. 19).  Filed in this Court on December 8, 2006, Plaintiff's motion seeks a voluntary dismissal without prejudice to refiling of her case against Defendant.  Defendant Electrolux Home Products, Inc. has responded.  (Doc. 20).  The Court finds this matter ripe for consideration.

## DISCUSSION

Fed. R. Civ. P. 41(a) allows plaintiffs a limited, rather than absolute, right to obtain a voluntary dismissal.  First, a plaintiff may voluntarily dismiss without prejudice "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(i).  Here, Defendant has filed both an answer (Doc. 2) to Plaintiff's Complaint and a Motion for Summary Judgment (Doc. 7).  Accordingly, Plaintiff is not eligible to obtain a voluntary dismissal pursuant to Rule 41(a)(1)(i).  Second, a plaintiff may seek a voluntary dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1)(ii).  In her motion, Plaintiff does not allege that Defendant agrees to a dismissal by stipulation.  Defendant denies that Plaintiff has sought dismissal according to this second option, and the record reflects that Defendant would not agree to a dismissal by stipulation.  ( Doc. 17-2, Affidavit of J. Michael Smith).

Finally, a plaintiff may seek dismissal by Order of Court, which is to be granted "upon such terms and conditions as the Court deems proper." Fed. R. Civ. P. 41(a)(2). In determining whether to approve a motion for voluntary dismissal, the Court considers: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Whitzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998). The record reveals that Defendant has expended a substantial amount of time and funds investigating the claims at bar and preparing a defense thereto. As previously mentioned, Defendant filed a motion for summary judgment on November 10, 2006. Plaintiff has not responded to the motion for summary judgment, except by filing the motion for voluntary dismissal presently before the Court. Additionally, Plaintiff offered no explanation for her need to take a non-suit. Thus, reviewing the *Whitzman* factors, the Court is fully satisfied that Plaintiff has not demonstrated eligibility for a voluntary dismissal by Order of Court pursuant to Fed. R. Civ. P. 41(a)(2).

## CONCLUSION

For the reasons stated herein and above, Plaintiff is not entitled to dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(i), (a)(1)(ii) or (a)(2). Accordingly, Plaintiff's Motion to Nonsuit/Voluntarily Dismiss should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 17th day of January, 2007.

                                              /s/Harry F. Barnes
                                          Hon. Harry F. Barnes
                                          United States District Judge