**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**DESHANDA CRUSSELL, as
next friend and custodial
parent of J. C. a minor**                                                          **PLAINTIFFS**

<u>**JURY**</u>

**VS.                                          CASE NO. 06-4042**

**ELECTROLUX HOME PRODUCTS, INC.
a foreign corporation**                                                              **DEFENDANT**

<u>**JURY**</u>

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S REQUEST FOR ADMISSIONS AND RELATED MOTIONS**

Comes now Electrolux Home Products, Inc. (incorrectly referred to as Electrolux Financial Corporation), hereafter referred to as ("Electrolux"), responding to Deshanda Crussell, as next friend and custodial parent of J.C. a minor, hereafter referred to as ("Plaintiff")'s, Motion to Strike Defendant's Request for Admissions and Related Motions and Brief in Support, Document #23 & 24 respectively, and in support would show as follows:

I. <u>Statement in Opposition</u>

On September 27, 2006, Electrolux tendered discovery requests to Plaintiff. Said discovery consisted of separate and distinctly identified documents containing (i) Interrogatories; (ii) Requests for Production; and (iii) Requests for Admissions. (See attached Exhibit A1). Pursuant to the Federal Rules, Plaintiff's responses were due on or about October 30, 2006. FED.R.CIV.P. 36. However, Plaintiff's responses were not received until January 18, 2007, some three (3) months after

they were served upon Plaintiff.  (See attached Exhibit B).

## II.  Argument / Authority

2.01    Plaintiff is simply mistaken in her interpretation of Local Rule 33.1(c) which reads "Requests for admissions will not be combined with other discovery material or documents."  The purpose of this rule is to preclude parties from burying requests for admissions in documents which also contain other discovery requests such as interrogatories and/or requests for production.  In the case at bar, Electrolux tendered interrogatories, requests for productions, and requests for admissions that were each embodied in separate and distinct documents.  (See Exhibits A1 and A2).  Nonetheless, Plaintiff chose to ignore the Federal Rules and failed to tender responses to any discovery requests until after the Court issued a show cause order.  Moreover, even then Plaintiff only provided responses to Electrolux's interrogatories and requests for admissions.  To date, Plaintiff has provided no responses to Electrolux's requests for production.  (See Exhibit A).  Further, Plaintiff has filed no response to Electrolux's Motion to Compel.

2.02    Despite the "unavoidable and dire circumstances" of which Plaintiff complains, no effort was taken to secure additional time to respond to Electrolux's discovery requests.  Further, no effort was taken to request additional time from either Electrolux or this Court to respond to the pending Motion to Dismiss, Motion for Summary Judgment, and/or Motion to Compel Discovery.  (See attached Exhibit A).  Rather, Plaintiff chose to use her time to file a "Notice of Voluntary Dismissal" followed by a "Motion to Dismiss/Nonsuit without Prejudice" to which she was not entitled in an effort to take advantage of a "re-do" of this legal proceeding and start anew.  (See Document #25 @ IV).  This is a tactical move which I am sure the framers of the rules did not envision when drafting Federal Rule of Civil Procedure 41.

2.03     It was the conduct of the Plaintiff alone and not any effort by Electrolux to "pull a fast one" that resulted in the filing of the pending motions.  Plaintiff filed a lawsuit against Electrolux and then consciously chose to disregard both the Federal Rules of Civil Procedure and the Local Rules.  Rather, Plaintiff attempted to direct the course of this case at her own pace and subject to her own set of rules.

2.04     Plaintiff's conscious decision to ignore the Federal Rules has resulted in her admission of certain matters.  FED.R.CIV.P. 36(a) - "The matter is admitted unless, within 30 days after service of the request . . . the party whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney."  Plaintiff should not now be allowed to come forward after-the-fact and assert blanket denials as to each and every request for admission.  (See Exhibit B).

2.05     Plaintiff's continued course of conduct in refusing to abide by the Federal Rules of Civil Procedure and the Local Rules has necessitated additional and unnecessary efforts on behalf of Electrolux in defending this action.  Further, it has resulted in Electrolux incurring significant added expense.  As such, Electrolux would obviously be prejudiced by allowing Plaintiff to circumvent the rules, make her own deadlines, assert blanket denials to each request, and have her admissions stricken in this cause.

WHEREFORE PREMISES CONSIDERED, Electrolux would respectfully pray this Court deny the relief which Plaintiff seeks in filing this motion; and for all other relief to which it is justly entitled.

>                   Respectfully submitted,
>
>
>                   /s/ J. Michael Smith
>                   **J. MICHAEL SMITH**
>                   *Lead Attorney*
>                   Texas State Bar ID. No. 18630500
>
>                   **C. DAVID GLASS**
>                   Arkansas Bar No. 2003030
>                   Texas State Bar No. 24036642
>
>                   **SMITH WEBER, L.L.P.**
>                   5604 Summerhill Rd. -- P. O. Box 6167
>                   Texarkana, Texas 75505
>                   TEL: 903/223-5656
>                   FAX: 903/223-5652
>                   E-mail: msmith@smithweber.com
>                           dglass@smithweber.com
>
>                   **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record in accordance with Federal Rules of Civil Procedure on this 2nd day of February, 2007.

Thomas H. Johnson
Attorney at Law
410 Hickory
Texarkana, AR 71854

>                   /s/ J. Michael Smith
>                   J. Michael Smith