IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DESHANDA CRUSSEL, as                                                                    PLAINTIFF
Next Friend and Custodial
Parent of J.C., a Minor

VS.                                              CASE NO. 06-CV-4042

ELECTROLUX HOME
PRODUCTS, INC., a Foreign Corporation                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Deshanda Crussel brings this lawsuit as Next Friend and Custodial Parent of her minor daughter, J.C., who sustained injuries *en ventre sa mere*, purportedly as the result of the negligence of Defendant Electrolux Home Products, Inc. ("Electrolux") in a workplace accident. Before the Court is Defendant's Motion for Summary Judgment. (Doc. 7). Plaintiff has responded. (Doc. 28). Defendant has replied to Plaintiff's response. (Doc. 35). Also before the Court is Plaintiff's First Motion to Strike Defendant's Requests for Admissions. (Doc. 23). Defendant has responded. (Doc. 32). The Court finds both motions ripe for consideration.

I. BACKGROUND

On July 19, 2004, Plaintiff Deshanda Crussel, pregnant with J.C., was involved in an on-the-job accident at her place of employment, Electrolux Home Products, Inc., in DeQueen, Arkansas. On that day, a forklift operating inside the Electrolux facility struck Crussel, causing the forklift's load to fall upon her and bury her underneath nearly 700 pounds of boxes. Crussel alleges that the accident caused her severe internal injuries, and that she gave birth to J.C. prematurely as a result of her injuries.

Immediately after the accident, Crussel sought medical treatment from Electrolux's company

nurse, Jean Matthews, R.N. Crussel complained of, *inter alia*, a cut on her left ear and problems with her left shoulder. Later that same day, Crussel sought medical attention at St. Michael's Hospital, where she received treatment for a contusion on her head and for a strain of her back.

Roughly one (1) month after the accident, Crussel underwent emergency abdominal surgery and had a Caesarean Section, resulting in the premature birth of J.C. Plaintiff alleges that J.C.'s premature birth caused the child to suffer from numerous physical and mental ailments, which have necessitated extensive medical treatment, rehabilitation efforts and educational assistance.

Electrolux terminated Crussel on March 1, 2006 for poor work attendance. Plaintiff alleges that J.C.'s premature birth also compromised the child's immune system, causing Crussel to miss work, which lead to her dismissal. In her Complaint, Crussel alleges that Electrolux failed to exercise ordinary care in its operation of the forklift, and that such breach caused the injuries for which this lawsuit seeks recovery. The case is now before the Court on Electrolux's Motion for Summary Judgment, and Crussel's Motion to Strike Defendant's Requests for Admissions.

## II.  SUMMARY JUDGMENT STANDARD

The standard of review for summary judgment is well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of LeSueur,* 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial–whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.,* 447 U.S. 242, 250 (1986). *See also Agristor Leasing v. Farrow,* 826 F.2d 732 (8th Cir. 1987); *Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Management Pension Fund,* 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In resolving a motion for summary judgment, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank,* 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of LeSueur,* 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 256.

### III. DISCUSSION

Electrolux seeks summary judgment on all of Crussel's claims based on: (1) Crussel's failure to respond to Electrolux's Requests for Admissions, which Electrolux contends have been deemed admitted; (2) Crussel's failure to plead a cause of action recognized by the courts of Arkansas; and

3

(3) Crussel's failure to offer evidence that the acts and/or omissions of Electrolux caused injury to J.C. (Doc. 7-1, pg. 2). Electrolux's Motion to Dismiss For Failure to State a Cause of Action (Doc. 9). presents more fully its position that Crussel has not plead a cause of action recognized in Arkansas. For that reason, the Court will address the cause of action issue in its forthcoming ruling on Electrolux's Motion to Dismiss. The remaining grounds upon which Electrolux seeks summary judgment will be addressed in turn.

A. Electrolux's Requests for Admissions

On September 27, 2006 Electrolux sent a set of discovery requests to Plaintiff's counsel, including interrogatories, requests for production of documents and requests for admissions to Plaintiff.[1] Fed. R. Civ. P. 36 governs requests for admissions, and provides in pertinent part:

> A party may serve upon any other party a written request for the admission, for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. ... The matter is admitted unless, within 30 days after service of the request, or within such longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a). Upon a strict reading of this rule, Electrolux urges the Court to deem all requested matters admitted, as a result of Crussel's undisputed failure to timely comply[2] with the 30-day response requirement. In support of this position, Electrolux relies on *Hulsey v. Texas*, 929 F.3d

---

[1] Plaintiff, in her First Motion to Strike Defendant's Request for Admissions objects to this combined service of discovery as improper. The Court will address this issue in Part IV, *infra*.

[2] Electrolux received Crussel's untimely responses to the Request for Admissions on January 18, 2007. *See* Doc. 32, pg. 1; *see also* Doc. 32, Exhibit B.

168, 171 (5th Cir. 1991). The Court finds this reliance misplaced. The *pro se* civil rights plaintiff in *Hulsey* completely failed to respond to requests for admissions, timely or otherwise. Further, the dismissal in *Hulsey* was, at least in part, for failure to prosecute. *See id*. at 170 (dismissing Hulsey's claims against the State of Texas with prejudice for want of prosecution). The Court also noted the existence of "overwhelming evidence of lawful detention," sufficient to defeat plaintiff's claims as a matter of law. *Id*. at 171. The result is that *Hulsey* is readily distinguishable from the situation before the Court, and provides little guidance on the issue of Electrolux's Requests for Admissions.

However, as should be clear from a plain reading of the Rule, admissions which do not receive a timely response may be deemed admitted upon a motion before the Court. See, *Luick v. Graybar Electric Co., Inc.,* 473 F.2d 1360, 1361- 62 (8th Cir.1973); *Chess Music, Inc. v. Bowman,* 474 F.Supp. 184, 185 (D. Neb.1979). In addition, Electrolux is correct that matters deemed admitted pursuant to Rule 36(a) may form the basis for the granting of a motion for summary judgment. *First Nat'l Bank Co. of Clinton, Ill. v. Ins. Co. Of N. Am.*, 606 F.2d 760, 766 (7th Cir. 1979); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985).

Nevertheless, the Court "in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966); *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 2-3 (W.D. Mo. 1973); 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2257, at 719-20 (1970); *see also Flohr v. Pennsylvania Power & Light Co.,* 821 F.Supp. 301, 306 (E.D. Pa.1993); *White Consol. Indus. Inc. v. Waterhouse*, 158 F.R.D. 429, 431-33 (D. Minn. 1994). Therefore, "the failure to respond in a timely fashion does not require the Court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp., supra* at 1312. "It

5

does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed." *Hadra v. Herman Blum Consulting Engineers,* 74 F.R.D. 113, 114 (N.D. Tex. 1977)(finding that the Court "must strike a balance between the interests of justice and diligence in litigation."); *Pickens v. Equitable Life Assurance Society,* 413 F.2d 1390, 1394 (5th Cir.1969) (holding that where failure to reply to request for admissions is "clearly inadvertent," policy is "to favor substantial justice over technical contentions")

In the *Gutting* case, the Court found that the underlying rational for a less than draconian enforcement of Rule 36 was the express allowance in the Rule that a Court could permit a period longer than 30 days to respond, as well as the following language of Rule 36(b):

> Any matter admitted under this rule is conclusively established *unless the court on motion permits withdrawal or amendment of the admission*. Subject to the provision of Rule 16 governing amendment of a pretrial order, *the Court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby* and the party who obtained that admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Fed. R. Civ. P. 36(b)(emphasis added); *Gutting*, 710 F.2d 1309, 1313. As stated in *Gutting,* "a late response [is] equivalent to a withdrawal of an admission." *Id.* at 1313; *see also Pleasant Hill Bank,* 60 F.R.D. at 3. Therefore, the test for allowing withdrawal of admissions rests upon the showing of prejudice to the requesting party, and any disservice to the presentation of the truth at trial, if the requests are deemed admitted. The same criteria are applicable in determining the allowability of late responses to requests for admissions. *Gutting v. Falstaff Brewing Corp.,* supra at 1313; *Smith v. First National Bank of Atlanta,* 837 F.2d 1575, 1577 (11th Cir. 1988), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988) (Rule 36(b) test "properly applied"); *Herrin v. Blackman,* 89

F.R.D. 622, 624 (W.D. Tenn. 1981). In short, "the Court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made the requests." *Flohr,* 821 F.Supp. at 306.

Applying these standards, the Court finds that Crussel's untimely responses to Electrolux's Requests for Admissions should be construed as a withdrawal of her admissions, or a motion to withdraw the same.  Simply put, the prospect of deeming controverted facts or issues as having been admitted is anathema to the ascertainment of the truth and the Court's innate sense of justice.  *See Manatt v. Union Pacific R. Co.*, 122 F.3d 514, 517 (8th Cir. 1997).  Perhaps, in an appropriate case, a total failure to respond to such requests will prejudice the requesting party at trial, but that is not the situation before the Court.  Electrolux has not argued prejudice in its pretrial motions, and aside from their untimeliness, Crussel's responses to the request for admissions could pose no surprise to Electrolux.  The Court finds this to be the case because Electrolux's requested admissions amounted to little more than a complete refutation of Plaintiff's theory of recovery.  The only change in trial strategy Electrolux could argue is simply the prospect of facing trial at all, instead of defeating Crussel's claims by pretrial motion, which the Court refuses to find as a sufficient showing of prejudice.  In short, the Court will not subvert the search for the truth without compellingly evident cause, and today refuses to do so merely to further rigid compliance with a procedural precept.

Lastly, the Court would note that the "purpose of Rule 36 is to remove uncontested issues and to prevent delay.  When the issues going to the merits are contested and the late response does not cause delay of a trial or prejudice to a litigant, there is no reason to refuse a late filing." *Herrin v. Blackman,* 89 F.R.D. 622, 624 (W.D. Tenn. 1981).  Here, Electrolux's Requests for Admissions sought to remove all of the issues of the case, including all contested issues.  Accordingly, the Court

must deny Defendant Electrolux's Motion for Summary Judgment to the extent that it rests upon Crussel's failure to timely respond to Electrolux's Requests for Admissions.

B. Proof of Causation

Electrolux also seeks summary judgment based on Crussel's purported "inability to establish any causal link between the acts and/or omissions of Electrolux and the alleged injury." However, at this stage in the litigation, the Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enterprise Bank,* 92 F.3d at 747. Additionally, Electrolux offers nothing in the way of proof to support this claim, other than the bald assertion that Crussel cannot establish causation. Because Electrolux bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the Court finds that Electrolux has not properly supported its summary judgment motion on this issue. Accordingly, the Court must deny the motion to the extent that it seeks summary judgment based on Crussel's alleged inability to prove proximate cause.

IV. PLAINTIFF'S MOTION TO STRIKE

Plaintiff Deshanda Crussel also moves to strike Defendant Electrolux's Requests for Admissions as improper under United States District Court for the Western District of Arkansas Local Rule 33.1(c). Local Rule 33.1 provides, in pertinent part: "Requests for Admissions will not be combined with other discovery material or documents." The Court disagrees with Crussel's plausible, but incorrect reading of Local Rule 33.1(c).

As previously noted, Electrolux served on Crussel a set of discovery including: (1) interrogatories, (2) requests for production of documents and (3) requests for admissions. (See Doc.

33, Exhibit A1, pg. 5). The discovery requests came in a single mailing which included a cover letter that clearly identified the discovery materials being served. The Court finds nothing improper about Electrolux's combining of discovery requests into a single transmission, and agrees with Electrolux that Crussel has simply misinterpreted Local Rule 33.1(c). As a result, the Court must deny Crussel's First Motion to Strike Defendant's Requests for Admissions.

## V. CONCLUSION

For the reasons stated herein and above, Defendant Electrolux's Motion for Summary Judgment should be and hereby is **DENIED IN PART**. To the extent the summary judgment motion rests upon the failure of Plaintiff to respond to Defendant's Requests for Admissions and Plaintiff's purported inability to present evidence of causation, the motion is hereby **DENIED**. The remainder of the summary judgment motion will be considered when the Court rules on Defendant's Motion to Dismiss.

Additionally, Plaintiff Deshanda Crussel's First Motion to Strike Defendant's Requests for Admissions should be and hereby is **DENIED**. However, Plaintiff is hereby deemed to have withdrawn her admissions to Electrolux's Requests for Admissions.

**IT IS SO ORDERED**, this 2nd day of April, 2007.

                                             /s/Harry F. Barnes
                                           Hon. Harry F. Barnes
                                           United States District Judge